UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIAN JOHNSON, | : | CIVIL NO. **3:07-CV-0370** |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JONATHAN C. MINER, et al., | : | |
| | : | |
| Defendants | : | |

## <u>ORDER</u>

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on February 26, 2007.

The defendants named in the complaint are the following officials and employees at the United States Penitentiary at Allenwood (USP-Allenwood): Jonathan C. Miner, the Warden; R. Hanson, a captain; Matthews, a special investigation agent; K. Dewald, the Assistant Health Services Administrator; Caprio, a lieutenant; Bastain, a corrections officer; and John Does, corrections officers.

The plaintiff alleges that on June 22, 2006, defendants Bastain, Caprio, Matthews and John Does used excessive force on

him.  He alleges that as he was leaving the unit he was stopped and thoroughly searched by defendant Bastain.  He alleges that after he was searched, he was ordered to step back inside the unit and as he did so defendant Bastain exclaimed: "he has it in his mouth!. Its in his mouth!."  The plaintiff alleges that although he was cooperative, defendant Bastain used unnecessary excessive force on him by wrestling him to floor, choking him, and placing his hand in his eye and trying to dig his eye out of the socket.  The plaintiff alleges that defendants Caprio, Matthews, and John Does assisted in the assault by stepping on parts of his body and by twisting his arms and legs to the point of trying to break them.  The plaintiff alleges that he sustained injuries to his left eye, shoulder and knee.

The plaintiff alleges that defendant Bastain has repeatedly engaged the use of excessive force against other inmates in the past.  He alleges that defendants Miner and Hanson were on notice of the abusive conduct of defendants Bastain, Caprio, Matthews and John Does but that they failed to take disciplinary action or otherwise control the behavior of the other defendants.

The plaintiff alleges that after the incident he was taken to the hospital unit where a physician's assistant looked him over visually but did not provide him with any medical attention.  The plaintiff alleges that he was then placed in a dry cell.

The plaintiff alleges that on June 22, 2006, he was served with a lock up order stating that he was being placed in the Special Housing Unit (SHU) under investigation.  He alleges that on June 26, 2006, he received a second lock up order stating that he was being placed under investigation for conduct which disrupts the orderly running of the institution. The plaintiff alleges that in response to his requests and grievances it was alleged that force had been used against him because he swallowed drugs and thereby posed a threat to himself.  He alleges that he was given a urinalysis test which came back negative and refuted the allegation that he swallowed drugs.

The plaintiff appears to be claiming that his placement in the SHU violated his due process rights.

The plaintiff claims that the use of excessive force by

3

defendants Bastain, Caprio, Matthews and John Does violated the Eighth Amendment and constituted assault and battery.

The plaintiff claims that defendant Miner and Hanson's failure to take disciplinary action or curb a known pattern of physical abuse of inmates by defendant Bastain constitutes deliberate indifference and proximately caused the violation of the plaintiff's due process and Eighth Amendment rights and constituted assault and battery.

The plaintiff claims that the failure of defendant Dewald to provide adequate medical care, a follow up examination and treatment for his injuries constitutes negligence.

The plaintiff is seeking injunctive relief as well as compensatory and punitive damages.

On June 20, 2007, the plaintiff filed a motion for the appointment of counsel.

Although civil litigants, including prisoners, have no constitutional or statutory right to counsel in a civil case,

4

28 U.S.C. § 1915(e)(1) affords the courts broad discretion to request an attorney to represent an indigent litigant. *Montgomery v. Pinchak,* 294 F.3d 492, 498-99 (3d Cir. 2002).

The United States Court of Appeals for the Third Circuit has developed a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).  The threshold inquiry is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery, supra,* 294 F.3d at 498-99.  If a plaintiff overcomes this threshold hurdle, the court should consider other factors including 1) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, ability to understand English and the restraints placed on the plaintiff by incarceration; 2) the complexity of the legal issues involved; 3) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 4) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases has been addressed in Local Rule 83.34.  The Middle District Federal Bar Association has assembled a panel of attorneys who may accept appointments at the request of the court in these cases.

The plaintiff claims that the use of force against him violated the Eighth Amendment.  At this point, we can not say that that claim lacks merit.[1]  The court of course has no way

---

1.  It does not appear that the plaintiff's due process claim has merit.  "[D]ue process rights are triggered by deprivation of a legally cognizable liberty interest." *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003).  "For a prisoner, such a deprivation occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  "Lesser restraints on a prisoner's freedom are deemed to fall 'within the expected perimeters of the sentence imposed by a court of law.'" *Id.*  In deciding whether a protected liberty interest exists, we consider the duration of the confinement and the conditions of that confinement in relation to other prison conditions. *Id.* at 532. In the instant case, the plaintiff has not alleged that his placement in the SHU imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  Nor has the plaintiff alleged facts from which it could reasonably be inferred that his placement in the SHU imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  It also does not appear that the plaintiff's negligence claim against defendant Dewald
(continued...)

to perform a pretrial evaluation of factual merit outside of the context of deciding whether a complaint fails to state a claim upon which relief can be granted and whether a motion for summary judgment should be granted.

Next, we consider the plaintiff's ability to present his case.  This factor has been described as perhaps the most significant factor the court should consider in deciding whether or not to appoint counsel.  *Montgomery, supra,* 294 F.3d at 501.  The Third Circuit has identified a number of factors that the court should consider in determining a plaintiff's ability to present his or her own case including the plaintiff's education, literacy, prior work experience, and prior litigation experience.  *Id.*

The record in the instant case does not contain any information regarding the plaintiff's education, prior work or

---

1.  (...continued)
has merit.  A negligence claim against a federal employee acting within the scope of her employment must be brought as a claim pursuant to the Federal Tort Claims Act (FTCA).  The plaintiff does mention the FTCA in his compliant.  However, the only proper defendant in a FTCA case is the United States.  *See* 28 U.S.C. § 2679; *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998)("the United States is the only proper party defendant in an FTCA action").

prior litigation experience.  However, from the documents that the plaintiff has already filed with the court it is clear that the plaintiff is literate and able to communicate effectively.

The plaintiff states that he is a layman in the law with no professional legal training or skills.  However, the same is true of almost all litigants who proceed *pro se.*

As with any prisoner, the circumstances of the plaintiff's confinement may limit his ability to conduct discovery in support of his claim.  *Montgomery, supra,* 294 F.3d at 502.  However, it does not appear that the instant case is the type of case that will require extensive factual investigation.

At this point it is not clear what role credibility will play in this case if the case goes to trial.

The case is not overly complex and at this point we can not say whether or not expert testimony may be required.

The plaintiff has been granted leave to proceed *in forma pauperis* in this case and there is nothing in the record

8

to suggest that the plaintiff has the ability to retain counsel himself.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do not justify at this time a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case.  The plaintiff's motion for the appointment of counsel will be denied without prejudice to the court reconsidering whether or not to appoint counsel at a later point in the case.

**IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 21) for the appointment of counsel is **DENIED.**

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 13, 2007.

9